IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 20-354 |
| | ) | |
| | ) | Judge Robert J. Colville |
| LAWRENCE L. ATTISANO, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

Before the Court is the "Second Motion to Modify Terms of Pretrial Release" (ECF No. 35) ("Motion") filed by Defendant Lawrence L. Attisano. The Motion indicates that the Government does not oppose the relief requested therein, and that the Probation Office takes no position with respect to the Motion. Mot. ¶ 10, ECF No. 35. Accordingly, the Motion is now ripe for consideration.

On November 17, 2020, a federal grand jury returned a one-count Indictment (ECF No. 3) charging Mr. Attisano at Count One with malicious destruction of property by fire in violation of 18 U.S.C. § 844(i). At Mr. Attisano's initial arraignment on November 20, 2020, the Government did not seek detention and the parties agreed to conditions of release. Chief United States Magistrate Judge Cynthia Reed Eddy subsequently issued an Order Setting Conditions of Release (ECF No. 21). Those conditions include: (1) Mr. Attisano must not violate federal, state, or local law, Order ¶ 1, ECF No. 21; (2) he must not use or unlawfully possess a narcotic drug or other

1

controlled substances defined in 21 U.S.C. § 802, unless prescribed by a medical practitioner, *id.* at ¶ 7 (m); (3) he is required to submit to testing for prohibited substances as required by the pretrial services officer, including random testing, and must not obstruct or tamper with the efficiency and accuracy of prohibited substance screening or testing, *id.* at ¶ 7(n); and (4) he is subject to a curfew with location monitoring, "which is designed to ensure compliance with a separate condition requiring that he maintain a safe distance from the duplex and two related properties," Mot. ¶ 2(c) n.2, ECF No. 35.[1]

In the Motion, Mr. Attisano explains that his physical and mental health have been evaluated by Andrew Sahud, M.D., who is board certified in infectious disease and internal medicine and who has issued a certification, attached as Exhibit A to the Motion, for Mr. Attisano to acquire a medical marijuana card from the Pennsylvania Department of Health. Mr. Attisano asserts that the certification was issued on the basis of a diagnosis of post-traumatic stress disorder.[2] Mot. ¶ 9, ECF No. 35. Following receipt of the certification, Mr. Attisano acquired a medical marijuana card from the Pennsylvania Department of Health, images of which are attached to the Motion as Exhibit B. *Id.*

---

[1] Pursuant to a previous unopposed Motion to Modify (ECF No. 22), the curfew condition was temporarily modified by this Court's December 9, 2020 Order (ECF No. 24), which lifted the curfew for the period beginning December 15, 2020 and continuing through December 20, 2020 and otherwise left all other conditions of release in full force and effect. This previous Motion to Modify is the reason that the Motion at issue herein is described as a "Second" Motion to Modify.

[2] The Court notes that, while the Motion relies on an assertion respecting Mr. Attisano's post-traumatic stress disorder diagnosis, the certification attached to the Motion also contains checkmarks in the boxes located next to the following conditions listed under the section titled "Serious Medical Conditions Under Act 16":

> Severe chronic or intractable pain of neuropathic origin or severe chronic or intractable pain in which conventional therapeutic intervention and opiate therapy is contraindicated or ineffective
>
> Anxiety Disorders

Mot. Ex. A at 2-3, ECF No. 35.

The certification attached to the Motion was obtained pursuant to the Pennsylvania Medical Marijuana Act of 2016 ("MMA"), which provides that the "use or possession of medical marijuana . . . is lawful within this Commonwealth" so long as the "patient" meets certain requirements. 35 P.S. § 10231.303. To be eligible for medical marijuana under the Act, a "patient" must have one of seventeen enumerated "serious medical condition[s]," which include, inter alia, cancer, neuropathies, post-traumatic stress disorder (PTSD), spinal cord injury, inflammatory bowel disease, severe chronic or intractable pain, and autism. 35 P.S. § 10231.103. The Act also requires a "patient" to "receive[ ] certification from a practitioner," to acquire the marijuana from an approved dispensary, and to be "in possession of a valid identification card issued by" the Pennsylvania Department of Health at any time they are in possession of medical marijuana. 35 P.S. § 10231.303.

Mr. Attisano requests that the Court modify the Order Setting Conditions of Release in this matter so as not to prohibit Mr. Attisano's use of medical marijuana, provided that his use is at all times in compliance with the MMA and is not connected to any other unlawful activity or violation of the conditions of release. Mot. ¶ 10, ECF No. 35. Alternatively, Mr. Attisano requests that the Court take no punitive action in response to such use, so long as that use complies with Pennsylvania law. *Id*.

In the Motion, Mr. Attisano avers that:

While the Federal Controlled Substances Act, 21 U.S.C. §802 *et seq* criminalizes possession of marijuana, Congress and the President have elected in Section 531 of the Consolidated Appropriations Act, 2020, Pub. L. No. 116-93, 133 Stat. 2317 (2020) not to interfere with the states' policy choice to provide this form of medical treatment to those who comply with state law and its accompanying regulations.

3

Mot. ¶ 7, ECF No. 35.  Section 531 of the Consolidated Appropriations Act, 2020, Pub. L. No. 116-93, 133 Stat. 2317 (2020) (the "Appropriations Rider") provides:

> None of the funds made available under this Act to the Department of Justice may be used, with respect to any of the States [including] Pennsylvania . . . , to prevent any of them from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana.

The recent legalization of marijuana use for medical reasons has led to litigation concerning federal courts' enforcement of conditions imposed on defendants who are under court supervision when such defendants seek to exercise what would otherwise be their lawful rights to use medical marijuana under state law.

The Bail Reform Act provides that any defendant who is on pretrial release must "not commit a Federal, State, or local crime during the period of release."  18 U.S.C. §§ 3142(b), (c)(1)(A).  Compliance with federal law is a mandatory condition of release.  Mr. Attisano is subject to this requirement.  Although Pennsylvania has legalized certain forms of medical marijuana under certain regulated conditions, there is no dispute that the possession of marijuana remains illegal under federal law.  21 U.S.C. § 844(a).  The federal statute does not make any exception for medical marijuana.

In *United States v. Bey*, 341 F.Supp.3d 528 (E.D. Pa. 2018), the government sought to modify the terms of a defendant's supervised release to require him to submit to home detention for a period of 30 days due to his violation of terms of supervised release by possessing and using medical marijuana.  The court held that the Supremacy Clause mandates that federal law preempts state law in this context.  The court cited *Gonzales v Raich*, 545 U.S. 1 (2005) for the proposition that the Controlled Substances Act was a valid exercise of Congress' Commerce Clause authority, emphasizing that Congress had "designate[d] marijuana as contraband for any purpose, in fact, by

4

characterizing marijuana as a Schedule I drug, Congress expressly found that the drug has no acceptable medical uses." *Id*. at 27. The court explained that the Controlled Substances Act "contains no exception – express or implied – for medically-prescribed marijuana, a mandate the Supreme Court made clear in *United States v. Oakland Cannabis Buyers' Cooperative* [, 532 U.S. 483 (2001)]." *Bey*, 341 F.Supp.3d at 530. The *Bey* court explained:

> The Supreme Court's interpretation . . . compels we conclude Mr. Bey may not use medical marijuana under federal law. A Pennsylvania statute or policy to the contrary cannot override a conflicting federal statute, as "[t]he Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail."
>
> We therefore join what Judge G. Michael Harvey has described as "the chorus" of federal courts around the country concluding a federal supervisee's state-authorized possession and use of medical marijuana violates the terms of federal supervised release. For example, in *United States v. Schostag*, [895 F.3d 1025 (8th Cir. 2018)], the United States Court of Appeals for the Eighth Circuit held this past July a "district court ha[s] no discretion to allow [a supervisee] to use medical marijuana while on supervised release." The United States Court of Appeals for the Ninth Circuit reached the same conclusion. The Honorable Royce C. Lamberth of the United States District Court for the District of Columbia in two recent decisions adopted Judge Harvey's analysis and concluded "Defendants under federal supervision are prohibited from using medical marijuana even if that use is in compliance with D.C. law or the law of any other state."

*Bey*, 341 F.Supp.3d at 531-32, (citing *Raich*, 532 U.S. at 29; *United States v. Johnson*, 228 F.Supp.3d 57, 62 (D. D.C. 2017); *United States v. Schostag*, 895 F.3d 1025, 1028 (8th Cir. 2018); *United States v. Harvey*, 659 F.3d 1272 (9th Cir. 2011); *United States v. Johnson*, 228 F.Supp.3d 57, 58-59 (D. D.C. 2017); *United States v. Parker*, 219 F.Supp.3d 183, 184 (D .D.C. 2016) (footnotes omitted)).

The *Bey* court deferred the imposition of home detention for a period of thirty days, noting the confusion in this area of the law absent clear direction from Pennsylvania federal courts:

> But given the citizen's confusion and the absence of a clear statement from a Pennsylvania federal court in the criminal context of federal law's absolute

5

prohibition after the Commonwealth's allowance of medical marijuana, we defer modifying the terms of his supervised release . . . He assured us of no further confusion and he, and others, are now on notice.

341 F.Supp.3d at 529.

In *United States v. Pearlman*, 2017 WL 7732811 (D. Conn. July 7, 2017), the court denied a defendant's request to remove the drug testing condition of his pretrial release so that he could participate in a state-sanctioned medical marijuana program. The court noted that the defendant did not request removal of "Condition 1 of the Conditions of Release," i.e. that the defendant must not violate federal, state, or local law while on release. "[T]hat condition is mandated by statute." 2017 WL 7732811 at *4. The court reasoned:

> [E]ven if [the mandatory drug testing] Condition were removed, defendant would be barred by Condition 1, which is mandatory and not waivable, from using marijuana while on pre-trial release. Accordingly, the request made by defendant would not achieve the relief he seeks. The Court cannot, and will not, sanction the violation of federal law by a defendant on pre-trial release, even if state law and the weight of public opinion appear to contradict that federal law.

2017 WL 7732811 at *8.

In *United States v. Kelly*, 419 F.Supp.3d 610, 611-12 (W.D. N.Y. 2019), the defendant provided the pretrial services office with a notice of his acceptance into the medical marijuana program. The pretrial services office asked for clarification and, like *Pearlman*, the defendant in *Kelly* asked the court to rescind his drug testing condition with respect to the use of marijuana for medical purposes. The court denied his request. Citing the Bail Reform Act, and an unwillingness to invite disobedience of the court's pretrial release order, which would send the wrong message to recalcitrant parties, the court reasoned:

> Congress may one day decide to legalize the possession of marijuana for medical (or other) purposes. However, it has yet to do so, and "where, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its

terms." *United States v. Ron Pair Enterprises, Inc*., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). *See also Burwell v. Hobby Lobby Stores, Inc*., 573 U.S. 682, 736, 134 S.Ct. 2751, 189 L.Ed.2d 675 (2014) ("[t]he wisdom of Congress's judgment ... is not our concern. Our responsibility is to enforce [the statute] as written").

*Kelly*, 419 F.Supp.3d at 611-12.

Accordingly, for the reasons stated in the cases cited herein, the Court will deny Mr. Attisano's Second Motion to Modify Terms of Pretrial Release. The Court cannot sanction the violation of federal law by a defendant on pretrial release. *Pearlman*, 2017 WL 7732811 at *8.

While the Court will deny Mr. Attisano's Motion, the Court also recognizes that neither the Government nor the Probation Office has opposed the relief requested in the Motion, Mot. ¶ 10, ECF No. 35, that Mr. Attisano has been in substantial compliance with the terms and conditions of his release to date, *id.* at ¶ 2, and that Mr. Attisano has received a certificate from a practitioner and has acquired a medical marijuana card from the Pennsylvania Department of Health consistent with Pennsylvania law, *id.* at ¶ 9. The Court notes that any purported violation of the conditions of Mr. Attisano's (or, for that matter, any defendant's) pretrial release will be considered and decided at the time that the purported violation is brought before the Court, upon due consideration of the facts underlying and accompanying such a purported violation, and with the benefit of argument that may be presented by all parties. The Court observes in this case, however, that, given the facts presented in the Motion and the lack of opposition to the Motion, the Court is not inclined to find Mr. Attisano's use and possession of medical marijuana, so long as the same is consistent with the MMA and not connected to any other unlawful activity or violation of the conditions of release, to be a sufficient violation of the conditions of pretrial

7

release so as to warrant, on its own, the revocation of bond or the modification of his pretrial release conditions.

AND NOW, this 30th day of August 2021, it is hereby ORDERED that the "Second Motion to Modify Terms of Pretrial Release" (ECF No. 35) filed by Defendant Lawrence L. Attisano is DENIED.   The Order Setting Conditions of Release (ECF No. 21) remains in effect.

*s/ Robert J. Colville*
Robert J. Colville
United States District Judge

CC:   Counsel of Record via CM-ECF
      U.S. Probation Office